**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

ZACHARY BERNIER,

    Plaintiff(s),

v.

GYROMANIA 4, LLC, a Florida
limited liability company, and
PANAGIOTIS ALEXOPOULOS,
individually,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, ZACHARY BERNIER (hereinafter "Plaintiff") by and through undersigned counsel, and pursuant to *29 U.S.C. § 216(b),* files his Complaint for Damages and Demand for Jury Trial against Defendants GYROMANIA 4, LLC ("GYRO 4"), and PANAGIOTIS ALEXOPOULOS ("ALEXOPOULOS"), and in support alleges as follows:

**INTRODUCTION**

1. Defendants have unlawfully deprived Plaintiff of federal overtime compensation during the course of his employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all wages owed to Plaintiff during the course of his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, GYRO 4, was a Florida limited liability company transacting business within Hollywood, Florida, within the jurisdiction of this Honorable Court. GYRO 4's principal location is listed at 1537 Hollywood Blvd. Hollywood, Florida 33020.

4. During all times material hereto, Defendant ALEXOPOULOS, was a resident of the Southern District of Florida, over the age of 18 years, and was an owner and operator of GYRO 4, and vested with ultimate control and decision-making authority over the Corporate Defendant's hiring, firing, and pay practices.

5. During all times material hereto, Defendant, ALEXOPOULOS, was the registered agent of GYRO 4.

6. During all times material hereto, Defendant, ALEXOPOULOS, was the managing member of GYRO 4.

7. During all times material hereto, Defendant, ALEXOPOULOS controlled the day to day operations of GYRO 4.

8. Defendant, GYRO 4 was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

9. Defendant, ALEXOPOULOS, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

**JURISDICTION AND VENUE**

10. Defendants hired Plaintiff to work in store locations throughout South Florida and failed to properly compensate Plaintiff for performing work within the jurisdiction of this Honorable Court.

11. Defendant GYRO 4 is headquartered and regularly transacts business in Hollywood, Florida, Coral Springs, Florida, Royal Palm Beach, Florida, and Boca Raton, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

12. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

13. Defendant, GYRO 4, operates restaurants that specialize in providing contemporary Greek-Mediterranean fast-casual food to the South Florida community.

14. Defendant currently operates locations in Coral Springs, Florida, Boca Raton, Florida, and Royal Palm Beach, Florida – all of which are located in the Southern District of Florida.

15. In 2011, Defendants hired Plaintiff to work as a manager but paid Plaintiff on an hourly basis which resulted in Plaintiff's compensation fluctuating from week to week based on the number of hours he actually worked.

## FLSA COVERAGE

16. Defendant, GYRO 4, is covered under the FLSA through enterprise coverage, as GYRO 4 was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, GYRO 4 was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, GYRO 4's business and Plaintiffs' work for GYRO 4 affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

17. During his employment with Defendant, GYRO 4, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: wine, beer, coffee, frappe, soda, pita bread, hummus, lamb, beef, chicken, fish, pork, beans, cheese, nuts, salt, pepper, olive oil, honey, forks, spoons, knives, napkins, ovens, freezers, refrigerators, microwaves, skillets, skewers, washing equipment, graters, whisks, pans, tins, pastry brushes, ladles, spatulas, tongs, and other restaurant related items.

18. Defendant, GYRO 4, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, GYRO 4's business an enterprise covered by the FLSA.

19. Defendant, GYRO 4, grossed or did business in excess of $500,000.00 per year in the years 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

**INDIVIDUAL EMPLOYER LIABILITY**

20. Defendant, ALEXOPOULOS, is an individual who is a resident of the State of Florida.

21. During the relevant time period, ALEXOPOULOS was an authorized managing member of GYRO 4 and controlled the operations of GYRO 4.

22. During the relevant time period, ALEXOPOULOUS was an employer of Plaintiff as that term is defined by the FLSA insofar as he had complete control of GYRO 4, made day to day decisions, established pay policies and practices for the Corporate Defendant, had direct control of Plaintiff, had hiring and firing authority, and set Plaintiff's schedules, and set Plaintiff's rate of pay.

**FLSA VIOLATIONS**

4

23. During Plaintiff's employment, the Defendants, GYRO 4, and ALEXOPOULOS, assigned Plaintiff to work multiple workweeks in which Defendants failed and refused to compensate Plaintiff in accordance with the overtime provisions under federal law.

24. Plaintiff's regular hourly rate when he started working for Defendants was $9.00 per hour.

25. In 2015, Defendants began to pay Plaintiff a regular hourly rate of $15.00 per hour.

26. During the three (3) years preceding the filing of this Complaint, the Defendants required Plaintiff to work an average of sixty to eighty (60-80) hours per workweek.

27. During the three (3) years preceding the filing of this Complaint, the Defendants employed the Plaintiff as an hourly non-exempt hourly employee.

28. Defendants regularly assigned Plaintiff's schedule, controlled the scope of work Plaintiff needed to perform, specifically instructed Plaintiff what to do on job sites, and specifically instructed Plaintiff when he had to arrive at job sites and when he could leave job sites.

29. Defendants were also collectively responsible for creating and implementing the pay policy that is at issue in this case.

30. During Plaintiff's employment period, he regularly worked between sixty (60) and eighty (80) hours per week.

31. Because Plaintiff was a non-exempt hourly employee, Defendants were required to pay Plaintiff 1.5 times Plaintiff's regular hourly rate for all hours Plaintiff worked over 40 in a workweek.

32. Defendants failed to compensate Plaintiff at the rate of time-and-a-half his regular hourly rate for work he performed in excess of forty (40) hours per week.

33. Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for minimum wages and overtime wages owed.

34. During Plaintiff's employment, the Defendants failed to maintain adequate and contemporaneous time records for Plaintiff as required by the FLSA.

35. Defendants were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendants could avoid having to pay Plaintiff his lawful (and hard-earned) wages. Plaintiff is therefore entitled to liquidated (double) damages under the FLSA.

36. Based upon Defendants' intentional and/or willful violations of the FLSA, the three (3) year statute of limitations applies instead of the two (2) year statute of limitations.

37. As a result of the above violations of federal law, Plaintiff has had to retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA

### COUNT I – FEDERAL OVERTIME LAW VIOLATIONS – *29 U.S.C. § 207*
**(against All Defendants)**

38. Plaintiff re-avers and re-alleges Paragraphs 1 through 37 above, as though fully set forth herein.

39. Plaintiff performed work for Defendants for which he should have received overtime compensation at the rate of time-and-one-half for work in excess of forty (40) per week.

40. Defendants failed to compensate Plaintiff these overtime rates.

41. Plaintiff worked approximately sixty (60) to eighty (80) hours per week during his employment period with Defendants.

42. Defendants' failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

43. To date, Defendants have not properly paid Plaintiff all of his overtime as required by the FLSA.

44. As a result of Defendants' refusal to remedy their violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, ZACHARY BERNIER, demands judgment against Defendants, GYROMANIA 4, LLC, and PANAGIOTIS ALEXOPOULOS, individually, and respectfully requests that he be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorneys' fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ZACHARY BERNIER, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 6th of August 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 6th day of August, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**